IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY WAFER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1169-N-BH |
| | § | |
| FREMONT HOME LOAN AND | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendants' Motion for Judgment on the Pleadings and Brief in Support*, filed January 31, 2020 (doc. 17). Based upon the relevant filings and applicable law, the motion for judgment on the pleadings should be **GRANTED in part**.

**I. BACKGROUND**

This case involves the foreclosure of real property located at 4515 Via San Antonio, Dallas, Texas 75211 (the Property). (*See* doc. 1-4.)[2] On April 2, 2019, Leroy Wafer (Plaintiff) sued Fremont Home Loan[3] (Fremont) and Ocwen Loan Servicing, LLC (Ocwen) (collectively Defendants) in the 192nd District Court of Dallas County, Texas, for breach of contract. (*See* doc. 1-4.) He alleges that he built a new home costing $124,000.00 in 2014, he paid $1,100 a month for seven years, and that he had paid $92,400.00 as of 2011. (*Id.* at 4.) He seeks monetary damages of "no less than $300,000.00 [and] no [more] than $500,000.00," "declaratory damages," attorney's fees, and injunctive relief. (*Id.* at 3.)

---

[1]By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]The petition also refers to this defendant as "Power Default Services, Inc. - Fremont Loan."

On May 15, 2019, Ocwen removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.) On January 31, 2020, Defendants moved for judgment on the pleadings. (doc. 17.) Plaintiff responded on February 24, 2020, and Defendants replied on March 6, 2020. (docs. 22, 27.)

## II. JURISDICTION

Ocwen removed this action based on diversity jurisdiction, alleging that it is a citizen of the U.S. Virgin Islands, and that Plaintiff is a Texas citizen. (doc. 1 at 3.) While it does not specify Fremont's citizenship, it argues that Fremont's citizenship should be disregarded for removal purposes because it is an improperly joined defendant. (*Id.* at 4.)

Before proceeding to the merits of the case, the Court must *sua sponte* consider whether Fremont should be disregarded as an improperly joined defendant for purposes of diversity jurisdiction. *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). "The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). The federal removal statute allows removal of any civil action brought in state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. *See id.*, §§ 1331, 1332. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00 exclusive of interests and costs, and there must be complete diversity of citizenship, i.e. no plaintiff must be a citizen of the same state as any defendant. *See id.* § 1332; *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). An action removable on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citation omitted). Under the doctrine, a court may disregard the citizenship of an improperly joined defendant in determining whether diversity jurisdiction exists. *See Smallwood*, 385 F.3d at 572. To show improper joinder, the removing defendant bears the heavy burden of showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573-74 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where, as here, the parties' citizenship is undisputed, "the inquiry [ ] focuses on the plaintiff's inability to establish a cause of action against the non-diverse party in state court." *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *2 (N.D. Tex. May 11, 2012), *adopted by* 2012 WL 2130907 (N.D. Tex. June 12, 2012). The removing defendant must show there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 572. "In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *3 (N.D. Tex. July 12, 2010) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.")). "If no reasonable basis for recovery exists, a conclusion can be drawn that the plaintiff's decision to join

3

the local defendant was indeed improper, unless the showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).

There are two proper means for predicting whether a plaintiff has a reasonable basis for recovery under state law. *Smallwood*, 385 F.3d at 573. Initially, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (citation omitted). The court must take as true the plaintiff's well-pleaded allegations of fact and resolve any contested issues of fact or ambiguities in state law in the plaintiff's favor. *Cantor*, 641 F.Supp.2d at 608 (citations omitted). The court does not predict "whether the plaintiff will certainly or even probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citation omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. If "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court may not move "beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

Here, Plaintiff sues for breach of contract and seeks injunctive relief to prevent foreclosure of the Property. (*See* doc. 1-4.) He does not allege any facts that could arguably form the basis of a breach of contract claim against Fremont, however. There are no allegations of the existence of a contract between Plaintiff and Fremont, the breach of a contractual obligation by Fremont, the performance of the contract by Plaintiff, or the damages Plaintiff sustained from Fremont's breach.

*See Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (identifying the elements of a Texas breach of contract claim). As discussed below, under a Rule 12(b)(6)-type analysis, Ocwen has met its heavy burden to show there is no reasonable basis for predicting Plaintiff might recover against Fremont on his breach of contract claim. The joinder of Fremont was therefore improper, and its citizenship does not defeat removal jurisdiction premised on diversity of citizenship. *See Smallwood*, 385 F.3d at 572-73. Fremont is subject to dismissal from this lawsuit as an improperly joined party. *See Griggs v. State Lloyds*, 181 F.3d 694 (5th Cir. 1999); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant). Accordingly, Ocwen has met its burden to show that complete diversity of citizenship exists in this case.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Ocwen argues that the Rule 12(c) motion should be granted because Plaintiff fails to assert a plausible claim for relief. (doc. 17 at 3.)[4]

**A.     Legal Standard**

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See*

---

[4]Defendants jointly filed the motion for judgment on the pleadings. (*See* doc. 17.) Because Fremont is subject to dismissal as an improperly joined defendant, as it applies to Fremont, the motion should be **DENIED as moot**.

5

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 793-94 (N.D. Tex. 2013) (citing *id.*) ("As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits.").

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.     Breach of Contract**

Ocwen argues that Plaintiff's breach of contract claim should be dismissed because he fails to state a claim for relief. (doc. 17 at 3-5.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar*, 167 S.W.3d at 443).[5] "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Here, the petition generally asserts a claim for breach of contract. (doc. 1-4 at 1.) In his response to the motion for judgment on the pleadings, Plaintiff alleges that Defendants breached the deed of trust when they refused his $646.16 payment on June 1, 2018. (doc. 22 at 2.) He also alleges that Defendants breached the deed of trust because his monthly payments were not applied to the principal balance, and because Defendants charged him $180,000.00 for three loan modifications.

---

[5]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is located in Texas. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

(*Id.*) He includes copies of the mortgage account statements from Ocwen, a wire transfer receipt dated June 1, 2018, and a 2019 appraisal notice by the Dallas County Appraisal District. (*See id.* at 5-11.)[6]

Even considering these allegations, because Plaintiff fails to identify the specific provisions of the deed of trust that Defendants purportedly breached, his breach of contract claim against Ocwen should be dismissed. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (finding plaintiffs' allegation that defendants "breached the deed of trust by deliberately or negligently accelerating the note and foreclosing on their property" failed to state a claim for breach where they failed to identify which provision of the deed of trust defendants allegedly breached); *Coleman v. Bank of America, N.A.*, No. 3:11-CV-0430-G, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), *adopted by* 2011 WL 2516668 (N.D. Tex. June 22, 2011) (finding breach of contract claim failed where "plaintiff point[ed] to no specific provision in the Deed of Trust that was breached by defendant").

---

[6]Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)*; see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.,* 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Accordingly, Plaintiff's allegations and fraud claim in his response to Defendants' motion for judgment on the pleadings are construed as a motion to amend, the motion is granted, and the new fraud claim and allegations are considered.

C. **Declaratory Relief**

Ocwen moves to dismiss Plaintiff's request for declaratory relief on the ground that he failed to bring any viable claims against it. (doc. 17 at 5.)[7]

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted).  The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Here, the petition generally asserts a claim for "declaratory damages." (doc. 1-4 at 3.)  As discussed, Plaintiff fails to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513,

---

[7]The motion states that Plaintiff's request for injunctive relief should also be denied, but it does not include any supporting argument. (doc. 17 at 5.)  To the extent Ocwen moves to dismiss the injunctive relief claim, it should be denied.

9

2013 WL 657772 (5th Cir. 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). The petition therefore fails to state a claim in support of declaratory relief, and it should be dismissed.

## IV. *SUA SPONTE* DISMISSAL

In addition to his claims for breach of contract and declaratory relief, Plaintiff's petition may also be liberally construed as alleging claims for injunctive relief and attorney's fees, but Defendant does not move to dismiss these claims.[8] Although his petition does not specifically assert a claim for fraud, his response to the motion for judgment on the pleadings alleges fraud. (doc. 22 at 2.)

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides a plaintiff with notice and an opportunity to respond. *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N-BH, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

### A. <u>Fraud</u>

In Texas, the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the

---

[8]Although the heading in Defendant's motion states that Plaintiff's request for declaratory and injunctive relief should be denied, only the request for declaratory relief is referenced and briefed in that section. (*See* doc. 17 at 5.)

intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010)).

Fraud claims are subject to the heightened pleading standards under Rule 9(b), which requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Here, Plaintiff alleges that there was "fraud" when Defendants charged him $180,000.00 for three loan modifications because the Property had been "paid off." (doc. 22 at 2.) Even when viewed in the light most favorable to him, Plaintiff fails to plead the circumstances surrounding the alleged fraudulent activity with particularity or to include the specifics of "the who, what, when, where, and how" as required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724. He does not identify any speaker, the details of how the loan modifications were fraudulent, any specifics about the timing or location of his communications with the defendants, or exactly how these communications injured him. He further fails to allege any facts that the defendants had knowledge

11

or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) . . . [because] the plaintiffs must set forth *specific facts* supporting an inference of fraud[,] . . . such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted) (emphasis original); *see also Young v. Deutsche Bank Nat. Trust Co.*, No. H-14-1449, 2014 WL 4386028, at *3 (S.D. Tex. Sept. 14, 2014) (finding plaintiff's allegations were insufficient to state a claim for fraud where plaintiff alleged no specific facts supporting an inference of fraud but merely alleged that defendant knowingly or recklessly made false statements).

Because he has failed to meet the heightened pleading requirement of Rule 9(b), Plaintiff's fraud claim should be dismissed *sua sponte* for failure to state a claim. *See Anderson v. Nat'l City Mortg.*, No. 3:11-CV-1687-N, 2012 WL 612562, at *5 (N.D. Tex. Jan. 17, 2012) (dismissing claims for fraud and fraudulent inducement based upon the plaintiff's assertions that she was "induced into a contract without a full disclosure by an attorney" because her allegations failed to state a claim and were "vague and conclusory").

## B. <u>Injunctive Relief</u>

"To obtain injunctive relief, a plaintiff is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, the petition seeks an "emergecy[sic] to stop the foreclosure." (doc. 1-4 at 4.) Because Plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Plaintiff's request for injunctive relief should also be denied *sua sponte*.

### C.     Attorney's Fees

Although he has been a *pro se* party for the entirety of this suit, Plaintiff seeks attorney's fees without identifying a basis for such an award. (doc. 1-4 at 3.)  Because he is proceeding *pro se*, Plaintiff may not recover attorney's fees. *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant."); *see also Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees."). Plaintiff is also not entitled to attorney's fees because he has failed to plead any viable causes of action. *See Avila v. Mortgage Elect. Registration Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012) (dismissing request for "all costs and attorney's fees" where all of the plaintiff's claims were subject to dismissal).  Plaintiff's request for attorney's fees should be dismissed *sua sponte*.

### V.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322,

327 (5th Cir. 1999).

Here, Plaintiff has not amended his petition since filing this action, but his new allegations against Ocwen in his response have been considered, so he appears to have alleged his best case. *See, e.g., Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at *13 (N.D. Tex. Mar. 26, 2015) (finding *pro se* plaintiff had alleged her best case when new allegations in her response to the motion to dismiss still failed to provide additional support for the claims against defendant, and declining her opportunity to amend). Accordingly, an opportunity to amend is unwarranted.

## VI. RECOMMENDATION

Fremont should be *sua sponte* dismissed from the lawsuit as an improperly joined defendant. Defendants' motion for judgment on the pleadings should be **GRANTED** as to Ocwen and **DENIED as moot** as to Fremont, and all of Plaintiff's claims against Ocwen should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 23rd day of July, 2020.

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

14

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE